# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

────────

No. 17-41213
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 28, 2018

Lyle W. Cayce
Clerk

────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ELIAS GONZALEZ ALVAREZ,

Defendant - Appellant

────────────────

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-439-1

────────────────

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:[*]

A jury found Elias Gonzalez Alvarez guilty of possessing cocaine with intent to distribute, being a felon in possession of a firearm, and being a felon in possession of ammunition. *See* 21 U.S.C. § 841(a)(1); 18 U.S.C. § 922(g)(1); 18 U.S.C. § 924(a)(2). He challenges the denial of his suppression motion.

In that regard, the Corpus Christi Police Department (CCPD), while assisting the Texas Department of Public Safety (TDPS) concerning suspected

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-41213

drug trafficking, pulled Alvarez over for a traffic violation and discovered his driver's license was suspended.  Because of that suspension, the CCPD officers concluded Alvarez could not legally drive the vehicle after a ticket was issued.  The vehicle was parked at a gas pump, blocking other vehicles; therefore, the officers determined the vehicle should be impounded.  As they began the process of impounding the car, and undertook an inventory search according to their normal procedures, a kilogram of cocaine was discovered.

The impoundment and inventory search were terminated after the officers discovered the cocaine, and the case, including the vehicle, was immediately turned over to the TDPS.  Ultimately, neither department impounded the vehicle.

Based in part on the discovery of the cocaine, officers obtained a search warrant for Alvarez' apartment, and found the firearm and ammunition.  Alvarez moved to suppress the cocaine found during the inventory search, claiming:  the initial traffic stop was pretextual; and, therefore, evidence stemming from the unjustified stop, including that obtained through the subsequent search warrant for his apartment, was fruit of the poisonous tree.  The motion was denied.

In challenging the denial of his suppression motion, Alvarez maintains his claim that, because the initial traffic stop was pretextual, the resulting inventory search was not based on probable cause.  *See, e.g.*, *Colorado v. Bertine*, 479 U.S. 367, 373–74 (1987).  Along that line, an officer's "ulterior motive to search" does not invalidate an otherwise lawful stop executed in accordance with standard procedures established by the police department.  *United States v. McKinnon*, 681 F.3d 203, 210 (5th Cir. 2012); *see also United States v. Castro*, 166 F.3d 728, 734 (5th Cir. 1999) (en banc).

No. 17-41213

In evaluating the denial of a motion to suppress, factual findings are reviewed for clear error; questions of law, *de novo.  E.g.*, *United States v. Gomez*, 623 F.3d 265, 268 (5th Cir. 2010).  An inventory search of a vehicle is reasonable if it is conducted pursuant to standardized regulations and procedures.  *McKinnon*, 681 F.3d at 209–10.  Alvarez contends the officers did not follow CCPD's standard procedures, which require officers to complete and submit an inventory form listing all items found in the impounded vehicle, including the trunk, because they failed to complete and retain the required form, failed to call a tow truck, and failed to inventory the contents of his trunk.  But, evidence presented at the suppression hearing shows the officers acted consistent with CCPD policy in these circumstances.  (Whether TDPS complied with its own impoundment policy is irrelevant because the inventory search was conducted by CCPD, not TDPS.)

The evidence and inferences, viewed in the requisite light most favorable to the Government, support the district court's conclusion that CCPD officers complied with department policy concerning impoundment of a vehicle.  *See Id.* at 209–10.  The court did not err by denying the motion to suppress.  *Id.* at 207.

AFFIRMED.